# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: A.G.

No. 16-0476 (Taylor County 13-JA-26)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.L., by counsel Roger D. Curry, appeals the Circuit Court of Taylor County's April 25, 2016, order terminating his parental rights to six-year-old A.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Mary S. Nelson, filed a response on behalf of the child also in support of the circuit court's order.[2] On appeal, petitioner alleges that the circuit court failed to continue the abuse and neglect proceeding in order to protect his Fifth Amendment rights. Petitioner also alleges that the circuit court erred in denying him the opportunity to cross-examine the child's mother and denying his motion for reconsideration.[3]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The guardian's response to this Court, which was filed as a summary response pursuant to Rules 10(e) and 11(h) of the Rules of Appellate Procedure, fails to include a section regarding the status of the child. This information is of the utmost importance to this Court. We refer the guardian to Rule 11(j) of the Rules of Appellate Procedure, which requires briefs in abuse and neglect appeals to contain a section on the current status of the children, permanent placement goals, and the current status of the parental rights of all of the children's parents. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[3]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2013, the DHHR filed a petition for abuse and neglect against petitioner alleging that aggravated circumstances existed in that petitioner's violent behavior caused the death of A.G.'s sibling. The DHHR also alleged that petitioner committed acts of domestic violence against A.G.'s mother and that A.G.'s mother abused and neglected A.G. because she was aware of petitioner's violent behavior yet failed to protect her children.[4]

In July of 2015, the circuit court held an adjudicatory hearing during which it heard testimony from the doctor who performed the autopsy on A.G.'s sibling. The doctor opined that the cause of "death was homicide as a result of either shaking or accelerating, slamming into some type of soft surface." During this hearing, A.G.'s mother also stipulated to the allegations of abuse and neglect in the petition and set forth the factual allegations in support of her stipulation on the record. Petitioner elected not to testify on his own behalf, call any witnesses, or present any evidence. After considering the DHHR's evidence, the circuit court adjudicated petitioner as an abusing parent. Thereafter, the circuit court held a dispositional hearing during which it took judicial notice of its prior findings. The circuit court found that aggravated circumstances existed because petitioner caused the death of A.G.'s sibling and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. By order entered on April 25, 2016, the circuit court terminated petitioner's parental rights. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[4]In 2014, the Taylor County grand jury indicted petitioner on one count each of murder and death of a child by a parent, guardian, or custodian by child abuse in connection with the death of A.G.'s sibling. It appears from the record that petitioner's murder trial was continued from August 29, 2016, to an undetermined date.

2

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in failing to continue the abuse and neglect proceedings pending the outcome of his criminal matter. We disagree. Circuit courts are specifically directed to proceed with abuse and neglect proceedings regardless of any related proceedings. Rule 5 of the Rules of Procedure for Child and Abuse and Neglect Proceedings clearly states that "[u]nder no circumstances shall a civil protection proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." We have also held that "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). Therefore, the Court finds no error in the circuit court's order denying petitioner's motion to stay the abuse and neglect proceedings.

Next, petitioner contends that the circuit court erred when it denied petitioner the opportunity to cross-examine A.G.'s mother at the adjudicatory hearing. We disagree. This Court has previously held that

> "The West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard."

Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995). The record clearly shows that the circuit court relied upon other factors in adjudicating petitioner, rather than A.G.'s mother's testimony. A.G.'s testimony during the adjudicatory hearing was only offered to support her stipulation to the allegations of abuse and neglect against her and had no bearing on petitioner's adjudication. Accordingly, we find no error in the circuit court's decision to deny petitioner the opportunity to cross-examine A.G.'s mother because her testimony related only to her stipulated adjudication. As to the specific allegations against petitioner, the circuit court heard testimony from a doctor indicating that the cause of death was "either shaking or accelerating, slamming into some type of soft surface." Furthermore, it is undisputed that petitioner failed to testify regarding the injuries that resulted in the death of A.G.'s sibling.

Finally, petitioner argues that the circuit court erred in denying his motion for reconsideration. In essence, petitioner's motion sought a modification of the circuit court's dispositional order which terminated his parental rights to A.G. Rule 46 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings lists the parties that may move for modification of a dispositional order. That list specifically excludes parents whose parental rights to the children at issue have been terminated. Further, this Court has previously held that

3

[a] person whose parental rights have been terminated by a final order, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, does not have standing as a "parent," pursuant to W. Va.Code § 49–6–6 (1977) (Repl.Vol.2004), to move for a modification of disposition of the child with respect to whom his/her parental rights have been terminated.

Syl. Pt. 6, *In re Cesar L.*, 221 W.Va. 249, 654 S.E.2d 373 (2007). Because petitioner's parental rights were terminated, he lacked standing to file the motion for modification of disposition.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 25, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: November 14, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II